UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

VICTORIA A. WHORTON,

    Plaintiff,

vs.

COGNITIANS, LLC, *et al.*,

    Defendants.

Case No. 3:18-cv-307

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE CITY OF DAYTON'S MOTION TO DISMISS (DOC. 7) BE DENIED AS MOOT; (2) THE CITY OF DAYTON BE TERMINATED AS A PARTY TO THIS CASE; AND (3) THIS CASE REMAIN PENDING AS TO THE NAMED DEFENDANTS COGNITIANS, LLC AND THE DAYTON MUNICIPAL COURT**

---

    This civil case is before the Court on the motion to dismiss filed by Defendant the City of Dayton. Doc. 7. In response to the City's motion, *pro se* Plaintiff agreed to dismiss the City (doc. 8 at PageID 60) and moved to amend her complaint to add the Dayton Municipal Court as a Defendant. Doc. 9. The Court granted *pro se* Plaintiff's motion for leave to amend and, thereafter, Plaintiff separately filed her amended complaint. Doc. 12. The City is not named as a Defendant in that complaint. *Id*. at PageID 91.

    Because *pro se* Plaintiff's original complaint is now a nullity, *see Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008) (stating that "an amended complaint super[s]edes all prior complaints), and because the City is not a named Defendant in the operative amended complaint (doc. 12), it is no longer a party to this case. *See Howard v. Montgomery Cty. Jail*, No. 3:16-CV-517, 2018 WL 3020216, at *2 (S.D. Ohio June 18, 2018), *report and recommendation*

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

*adopted*, No. 3:16-CV-517, 2018 WL 3832946 (S.D. Ohio Aug. 13, 2018) (holding that a party named in the original complaint, but not named in the operative amended pleading, is no longer a party to the case and has, effectively, been dismissed as a party from the action) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989)). Accordingly, the City's motion to dismiss is moot.

Based on the foregoing, the undersigned **RECOMMENDS** that the City's motion to dismiss (doc. 7) be **DENIED AS MOOT** and that the City be **TERMINATED** as a party to this action. The motion to dismiss filed by the Municipal Court remains pending and a decision on that motion will issue by separate entry.

Date:  January 14, 2019             s/ Michael J. Newman
                                    Michael J. Newman
                                    United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).