UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

VICTORIA A. WHORTON,

    Plaintiff,                            Case No. 3:18-cv-307

vs.

COGNITIANS, LLC, *et al.*,             District Judge Walter H. Rice
                                             Magistrate Judge Michael J. Newman

    Defendants.

_____

**ORDER: (1) DENYING *PRO SE* PLAINTIFF'S MOTION FOR DISCOVERY (DOC. 32); (2) GRANTING DEFENDANT COGNITIANS, LLC'S MOTION TO STRIKE (DOC. 35); AND (3) STAYING DISCOVERY AND THE ISSUANCE OF A RULE 16 SCHEDULING ORDER PENDING A FINAL DECISION ON DEFENDANTS' MOTIONS TO DISMISS**
_____

        This is a case filed by *pro se* Plaintiff Victoria Whorton against Defendants Cognitians, LLC ("Cognitians") and the Dayton Municipal Court ("Municipal Court") asserting, *inter alia*, claims under the Federal Trade Commission Act. *See* doc. 12. *Pro se* Plaintiff filed this action on September 11, 2018 and, thereafter, filed an amended complaint on October 17, 2018 with leave of Court. Doc. 17. Following the filing of the amended complaint, both Defendants separately moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12. Docs. 19, 29. Those motions to dismiss are not yet fully ripe (Defendant Cognitians is entitled to file a reply memorandum in support of its motion by the end of the day on February 19, 2019). *See* S.D. Ohio Civ. R. 7.3. Once ripe, a decision on the pending motions to dismiss will issue by separate order.

        Now before the Court, however, is Whorton's motion seeking discovery from Defendants. Doc. 32. Both Defendants oppose the motion on the basis that discovery is premature; Defendant Cognitians specifically moves to strike Whorton's motion for discovery. Doc. 35. In support of their arguments, Defendants cite Fed. R. Civ. P. 26(d)(1), which states that, unless the case is one

exempted under Rule 26(a)(1)(B), which this case is not, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" It appearing that the parties have not so conferred as required by Rule 26(f), *pro se* Plaintiff's motion for discovery (doc. 32) is premature and, therefore, **DENIED**.[1] Accordingly, Defendant Cognitians's motion to strike (doc. 35) is **GRANTED**.

In light of the pending motions to dismiss -- and for good cause appearing on the face of the record -- the undersigned, *sua sponte*, **STAYS** discovery and the issuance of a Rule 16 Scheduling Order pending final disposition of Defendants' motions to dismiss.

**IT IS SO ORDERED.**

Date:   February 19, 2019                             s/ Michael J. Newman
                                                     Michael J. Newman
                                                     United States Magistrate Judge

---

[1] Rule 26(d)(2) does permit a party to deliver requests for documents and tangible things to another party under Rule 34 "[m]ore than 21 days after the summons and complaint are served on [that] party[.]" However, such document requests are not deemed "served" until "the first Rule 26(f) conference." *Id*. Insofar as Whorton seeks discovery of documents or other tangible things under Rule 34 from Defendants, the undersigned **DENIES** her motion in light of the stay ordered *infra*.