UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

VICTORIA A. WHORTON,

    Plaintiff,

vs.

COGNITIANS, LLC, *et al.*,

    Defendants.

Case No. 3:18-cv-307

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE DAYTON MUNICIPAL COURT'S MOTION TO DISMISS (DOC. 19) BE GRANTED; (2) COGNITIANS, LLC'S MOTION TO DISMISS (DOC. 29) BE GRANTED; (3) ALL CLAIMS ASSERTED AGAINST THE DAYTON MUNICIPAL COURT AND ALL FEDERAL CLAIMS ASSERTED AGAINST COGNITIANS BE DISMISSED WITH PREJUDICE; (4) ANY STATE LAW CLAIMS ASSERTED AGAINST COGNITIANS BE DISMISSED WITHOUT PREJUDICE; AND (5) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

This civil case is before the Court on two motions to dismiss, both of which seek dismissal of the complaint filed by *pro se* Plaintiff Victoria Whorton pursuant to Fed. R. Civ. P. 12(b)(6). The first motion to dismiss at issue was filed by Defendant the Dayton Municipal Court ("Municipal Court"). Doc. 19. Plaintiff filed a memorandum in opposition to the Municipal Court's motion (doc. 20) and, thereafter, the Municipal Court filed a reply memorandum (doc. 23). The Court has carefully considered all the forgoing and the Municipal Court's motion is now ripe.

The second motion to dismiss presently before the Court was filed by Defendant Cognitians, LLC ("Cognitians"). Doc. 12. Plaintiff filed a memorandum in opposition to Cognitians's motion. Doc. 31. Cognitians did not file a reply memorandum and the time for doing

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

so expired on February 21, 2019. *See* S.D. Ohio Civ. R. 7.3. The Court has carefully considered all the foregoing, and Cognitians's motion is also now ripe for decision.

## I.

Plaintiff initiated this lawsuit on September 11, 2018. Doc. 1. In her original complaint, Plaintiff named Cognitians and the City of Dayton ("the City") as Defendants. Doc. 4 at PageID 36. The City immediately moved to dismiss the claims asserted against it and, thereafter, Plaintiff, with leave of Court, filed an amended complaint dismissing her claims against the City. Doc. 12. In her amended complaint, Plaintiff names Cognitians and the Dayton Municipal Court as the only Defendants in this case. Doc. 12 at PageID 91. In setting forth the facts herein, the undersigned liberally construes and accepts as true the factual allegations in Plaintiff's amended complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff was born and raised in Dayton, Ohio and left in 2010 to attend the Savannah College of Art and Design ("SCAD") in Savannah, Georgia. Doc. 12 at PageID 100-01. Documents attached to the complaint indicate that Plaintiff took a break from her studies at SCAD at some unidentified time and returned home to Dayton, Ohio. *Id*. at PageID 100.

In 2016, Plaintiff was charged in the Municipal Court with a misdemeanor count of theft and subsequently plead guilty to a misdemeanor count of unauthorized use of property. *State of Ohio v. Whorton*, No. 2016-CRB-2288 (Dayton Mun. Ct. Apr. 13, 2016)[2]; *see also* doc. 12 at PageID 93. The docket of that criminal case reveals that Plaintiff was sentenced to a suspended 30-day jail sentence with six months of community control supervision. *Id*. In addition, Plaintiff was ordered to complete a theft clinic. *Id*. Plaintiff sets forth no specific allegation as to the type

---

[2] In considering a Rule 12(b)(6) motion to dismiss, courts are generally limited to considering the pleadings; if matters outside the pleadings are considered, the court must convert the motion to dismiss into a motion for summary judgment. *See Wedgewood Ltd. P'ship I. v. Twp. of Liberty*, 456 F. Supp.2d 904, 909 n. 1 (S.D. Ohio 2006). However, one exception to the general rule is that courts may consider public records in deciding a motion to dismiss, *see id*., such as the docket of a criminal case. *See Wilson v. Plummer*, No. 3:12-CV-337, 2013 WL 1703330, at *1 (S.D. Ohio Jan. 24, 2013).

of business Cognitians is engaged in, but does allege that, in conjunction with that criminal case, she was "automatically enrolled in . . . rehabilitation services with Cognitians, LLC" -- presumably the theft clinic referenced on the Municipal Court's docket sheet.  *Id*.; doc. 12 at PageID 93.

During the summer of 2018, Plaintiff sought reinstatement as a student at SCAD.  Doc. 12 at PageID 100-01.  To be considered for reinstatement, SCAD imposed a requirement upon Plaintiff that she meet with, and be assessed by, a licensed mental health counselor or therapist concerning her decision-making and anger management and, thereafter, complete a treatment program recommended by that counselor or therapist.  *Id*.  Seeking to complete this requirement, Plaintiff allegedly contacted the Dayton Municipal Court's Probation Services for a referral to an anger management therapy program and was referred again to Cognitians.  *Id*.  On August 18, 2018, Plaintiff completed an anger management class provided by Cognitians at Sinclair Community College in Dayton.  *Id*. at PageID 93, 97-99.

Thereafter, Plaintiff submitted paperwork to SCAD evidencing the fact that she completed the Cognitians anger management class.  *Id*. at PageID 100-01. However, SCAD officials advised Plaintiff that the Cognitians anger management class did not meet the reinstatement requirements because the class was "not put on by a licensed mental health counselor or therapist and does not include an assessment by a licensed mental health counselor or therapist."  *Id*.

Plaintiff brings this action alleging that Cognitians illegally provided therapy without a proper license or certification, and that Cognitians does so with the Municipal Court's endorsement.  *Id*. at PageID 93.  Plaintiff contends that such conduct violates the Federal Trade Commission Act, the Federal Tort Claims Act, and certain provisions of Ohio law.  *Id*. at PageID 92-93.

## II.

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. "[T]he factual allegations must be specific enough to justify 'drag[ging] a defendant past the pleading threshold.'" *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

**III.**

The undersigned first addresses the motion to dismiss filed by the Municipal Court. Doc. 19. In its motion, the Municipal Court asserts several arguments in support of dismissal, but the undersigned need only address the Municipal Court's correct contention that it is not an entity capable of being sued, *i.e.*, it is not *sui juris*. *Williams v. City of Columbus, Ohio*, 892 F. Supp. 2d 918, 923 (S.D. Ohio 2012) ("Ohio courts are not *sui juris*"); *accord Harsh v. City of Franklin, Ohio*, No. C-1-07-874, 2009 WL 806653, at *5 (S.D. Ohio Mar. 26, 2009); *Williams v. Franklin Cnty. Mun. Court*, No. 2:10-CV-1155, 2011 WL 13160383, at *3 (S.D. Ohio Aug. 22, 2011); *Eubanks v. Brickstone Properties, LLC*, No. 1:14-CV-754, 2014 WL 5662434, at *3 (S.D. Ohio Nov. 4, 2014). Because the Municipal Court is not an entity capable of being sued, Plaintiff's claims against it should be dismissed with prejudice.

Even assuming the Municipal Court was *sui juris*, the federal claims asserted against it should be dismissed for the same reasons the claims against Cognitians should be dismissed. First, the Federal Trade Commission Act does not provide a private right of action upon which Plaintiff can proceed. *Fed. Trade Comm'n v. Owens-Corning Fiberglas Corp.*, 853 F.2d 458, 464 (6th Cir. 1988) ("[A] private party [cannot] invoke the jurisdiction of the federal courts to enforce the Federal Trade Commission Act"); *Sharwell v. Selva*, 4 F. App'x 226, 227 (6th Cir. 2001) ("[N]o

5

private cause of action exists under the [Federal Trade Commission Act]"); *Sefa v. Ky.*, 510 F. App'x 435, 438 (6th Cir. 2013) ("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission"); *Child World, Inc. v. S. Towne Ctr., Ltd.*, 634 F. Supp. 1121, 1127 (S.D. Ohio 1986) ("[T]he federal courts have held that no private right of action exists under the [Federal Trade Commission] Act").

Second, insofar as Plaintiff purports to assert claims under the Federal Tort Claims Act, such Act applies only to federal employees. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (stating that the Federal Tort Claims Act "waived the sovereign immunity of the United States for certain torts committed by federal employees"); *Dutton v. United States*, 621 F. App'x 962, 965 (11th Cir. 2015) (holding that the Federal Tort Claims Act applies only to federal employees). Neither Defendant in this case is a federal employee and, therefore, the Federal Tort Claims Act is inapplicable here.

Finally, in her opposition to Cognitians's motion to dismiss, Plaintiff alleges violations of several federal criminal fraud statutes -- namely, 18 U.S.C. §§ 1018, 1035, 1341. *See* doc. 31 at PageID 186. "[T]he general rule is that a private right of action is not maintainable under a criminal statute." *Am. Postal Workers Union, AFL-CIO, Detroit Local v. Indep. Postal Sys. of Am., Inc.*, 481 F.2d 90, 93 (6th Cir. 1973) ("[C]riminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions"). In fact, courts find no private right of action regarding the specific criminal code sections cited by Plaintiff. *See Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997) (holding that a violation of federal fraud statutes such as 18 U.S.C. § 1341 "do not give rise to private causes of action"); *Craigmyle v. United States*, No. 07-2652-B/P, 2007 WL 4208718, at *2 (W.D. Tenn. Nov. 26, 2007) ("There is no private cause of action under 18 U.S.C. § 1035"); *Stratton v. Mass.*, No. CIV A 06-10829-DPW, 2008 WL 4427203, at *6 (D. Mass. Sept. 26, 2008) (holding that

plaintiff, "as a private citizen, lacks authority to initiate a federal criminal prosecution" for an alleged violation of a number of federal criminal statutes, including 18 U.S.C. § 1018). Accordingly, Plaintiff's allegations of federal criminal violations fail to state a cause of action upon which relief can be granted to Plaintiff in this civil action.

## IV.

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that: (1) the Dayton Municipal Court's motion to dismiss (doc. 19) be **GRANTED;** (2) Cognitians's motion to dismiss (doc. 29) be **GRANTED**; (3) all claims asserted against the Municipal Court and federal claims asserted against Cognitians be **DISMISSED WITH PREJUDICE**; (4) any state law claims asserted against Cognitians be **DISMISSED WITHOUT PREJUDICE**[3]; and (5) this case be **TERMINATED** on the Court's docket.

Date:  March 8, 2019               s/ Michael J. Newman
                                   Michael J. Newman
                                   United States Magistrate Judge

---

[3] To the extent Plaintiff's complaint can be liberally construed to assert claims against Cognitians arising under state law, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over any such claims. *See* 28 U.S.C. § 1367(c)(3); *Booker v. City of Beachwood*, 451 F. App'x 521, 522-23 (6th Cir. 2011) ("Once [a] district court dismisse[s] all of the claims over which it ha[s] original jurisdiction, it act[s] squarely within its discretion by declining supplemental jurisdiction over the remaining [state law] claim[s] and dismissing [them] without prejudice").

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).