IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VICTORIA A. WHORTON,
    Plaintiff,
v.
COGNITIANS, LLC, et al.,
    Defendants.

Case No. 3:18-cv-00307
JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #44); PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #45) OVERRULED; MOTION TO DISMISS FILED BY DEFENDANT THE DAYTON MUNICIPAL COURT (DOC. #19) SUSTAINED; MOTION TO DISMISS FILED BY DEFENDANT COGNITIANS, LLC (DOC. #29) SUSTAINED; DISMISSING ALL FEDERAL LAW CLAIMS WITH PREJUDICE; DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS AND DISMISSING THOSE CLAIMS WITHOUT PREJUDICE; TERMINATION ENTRY

---

This matter is before the Court on Magistrate Judge Michael J. Newman's Report and Recommendations, Doc. #44, recommending that the motion to dismiss, Doc. #19, filed by Defendant, the Dayton Municipal Court, and the motion to dismiss, Doc. #29, filed by Defendant, Cognitians, LLC ("Cognitians"), be granted. Plaintiff filed objections to the Report and Recommendations, Doc. #45, the Dayton Municipal Court filed a response, Doc. #47 and Plaintiff then filed a reply, Doc. #48.

For the reasons set forth below, the Report and Recommendations, Doc. #44, is adopted in its entirety, Plaintiff's objections are overruled, the Dayton Municipal Court's motion to dismiss, Doc. #19, and the motion to dismiss of Cognitians, Doc. #29, are sustained. All federal claims alleged in Plaintiff's Amended Complaint are dismissed with prejudice and all state law claims in said Amended Complaint are dismissed without prejudice.

I. **Procedural Background**

On October 17, 2018, Plaintiff, *pro se*, filed her Amended Complaint against Cognitians and the Dayton Municipal Court. Doc. #12. Plaintiff's Amended Complaint, which includes several attached exhibits, alleges that she had been attending the Savannah College of Art and Design ("SCAD"), took a "small break" from her education, returned to Dayton and, in order to gain reinstatement to SCAD, was required to attend an anger management class. Doc. #12, PAGEID #100. Plaintiff allegedly then contacted the Dayton Municipal Court's Probation Services in order to obtain a referral for such a class, was given Cognitians' name and took their class at Sinclair Community College. Doc. #12, PAGEID##93 and 94.[1] Plaintiff completed the anger management class on August 18, 2018, but has alleged that Cognitians provided "illegal professional counsel" to her in violation

---

[1] Plaintiff had previously taken an anger management class with Cognitians in 2016 as a result of a Dayton Municipal Court case, now closed, "CRB-2016-002288." *Id.* at PAGEID##93 and 100.

2

of "OAC 4757.02 [O.A.C. 4757-7-02] and the Federal Trade Commission Act" since the class was not conducted by a licensed mental health counselor or therapist. *Id.*, PAGEID#100-101. Plaintiff allegedly learned of this from SCAD when she sent the school her certificate of completion from Cognitians. *Id.*

Plaintiff claims she was harmed by Defendants, is entitled to monetary damages of $16,900,000 and seeks "an order," an injunction, ending referrals by the "City of Dayton's parole [and] probation clients" to Cognitians. Plaintiff has further alleged that her case should proceed as a class action. Doc. #12 PAGEID#93.

The Dayton Municipal filed a motion to dismiss the Amended Complaint alleging a number of legal theories. Doc. #19. Cognitians has also filed a motion to dismiss. Doc. #29. Plaintiff has filed responses to both motions to dismiss, Doc. ## 20 and 31, respectively. Dayton Municipal Court filed a reply, Doc. # 23, and Plaintiff was permitted to file a "sur-reply." Doc. ##27, 24 and 25.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendations to which an objection is made. The Court may accept, reject, or modify, in whole or in part, the magistrate judge's findings, may receive further evidence, or recommit the matter to the magistrate judge with instructions. *Id.*, *See also* Fed. R. Civ. P. 72 (b)(3).

3

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual

4

allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Although legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged, "...the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678-79.

### III. Legal Discussion

Magistrate Judge Newman's filing, Doc. #44, recommends granting Dayton Municipal Court's motion to dismiss since, as argued by this defendant, it is not *sui juris*, an entity that can sue and be sued. *Williams v. City of Columbus*, Ohio, 892 F. Supp.2d 918,923 (S.D. Ohio 2012)(claims against municipal court dismissed since not *sui juris*). Although Dayton Municipal Court cites a number of other reasons for dismissal, the ability to sue and be sued is fundamental to Plaintiff's claim. "A court is defined to be a place in which justice is judicially administered. It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law." *Todd v. United States* (1895), 158 U.S. 278, 284. Accordingly, "[A]bsent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga Cty.*, 45 Ohio St. 2d 245, 248 (1976) citing *State ex rel. Cleveland Municipal Court v.*

5

*Cleveland City Council* (1973), 34 Ohio St.2d 120, 121 (complaint brought by court and not individual judges is not *sui juris*). Because courts are not *sui juris*, Plaintiff has stated no cause of action against the Dayton Municipal Court.

Even assuming, *arguendo*, that the Dayton Municipal Court is capable of being sued, Plaintiff's Amended Complaint against this defendant and Cognitians must be dismissed since she has alleged no legally cognizable federal claim against them. The Amended Complaint alleges violations based on the Federal Trade Commission Act, the Federal Tort Claims Act and violations of several federal criminal fraud statutes, specifically 18 U.S.C. §§ 1018, 1035, 1341. However, only the Federal Trade Commission can enforce an alleged violation of the Federal Trade Commission Act; no private cause of action exists. *Sefa v. Ky.*, 510 F. App'x 435, 438 (6th Cir. 2013) ("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission"); *Child World, Inc. v. S. Towne Ctr., Ltd.*, 634 F. Supp. 1121, 1127 (S.D. Ohio 1986) (no private right of action exists under the Federal Trade Commission Act). With respect to the Federal Torts Claim Act, there must be some specific tortious activity by federal employees, which has not been alleged in Plaintiff's Amended Complaint. *Dutton v. United States*, 621 F. App'x 962, 965 (11th Cir. 2015) (holding that the Federal Tort Claims Act applies only to federal employees); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (stating that the Federal Tort Claims Act "waived the sovereign immunity of the United States for certain torts committed by federal employees"). Finally, no private cause of action exists for violation of a federal

6

criminal statute. *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997) (holding that a violation of federal fraud statutes such as 18 U.S.C. § 1341 "do not give rise to private causes of action") and *Am. Postal Workers Union, AFL-CIO, Detroit Local v. Indep. Postal Sys. of Am., Inc.*, 481 F.2d 90, 93 (6th Cir. 1973) ("[C]riminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions").

Plaintiff's objections, Doc. #45 and her reply, Doc. #48, have been reviewed and considered by this Court. These pleadings, however, do not change the fact that, as a matter of law, Plaintiff has stated no federal claim that entitles her to legal relief. In making this determination, the Court has construed the Amended Complaint in the light most favorable to Plaintiff, accepted her allegations as true and drawn all reasonable inferences in her favor.

### IV. Conclusion

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendations, Doc. # 44, OVERRULES Plaintiff's Objections, Doc. #45, to said judicial filing and SUSTAINS the Motion to Dismiss filed by Defendant Dayton Municipal Court, Doc. #19 and the motion to dismiss filed by Defendant Cognitians, Doc. #29.

All federal claims alleged by Plaintiff are dismissed with prejudice. Because the Court has dismissed all federal claims, the Court declines to exercise

7

supplemental jurisdiction over Plaintiff's state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that if federal claims are dismissed before trial, the state claims should be dismissed as well); 28 U.S.C. §1367(c)(3) (providing that district courts may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction). Accordingly, any state law claims asserted against Cognitians, to the extent they have been pled, are dismissed without prejudice.

Judgment shall be entered in favor of Defendants, Dayton Municipal Court, and Cognitians, LLC, and against Plaintiff.

The captioned case is hereby terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

Date: May 24, 2019

*[signature]*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE